*neys*, for appellee.

A90A0066. TURMAN v. SOUTHERN GENERAL INSURANCE COMPANY.
(393 SE2d 469)

DEEN, Presiding Judge.

This case arose from a fire loss incurred by appellant Clara Turman to a structure insured by appellee Southern General Insurance Company. The policy ran for a period of one year from April 28, 1987, to April 28, 1988, and provided for a $5,000 limit of liability for fire loss. It included, *inter alia*, the following endorsement: "Loss clause, if any, shown on the form(s) as attached to this policy is hereby voided. All losses hereunder reduce coverage. Premium is fully earned for the amount of coverage for which the loss is paid."

On August 27, 1987, during the April 1987-1988 policy period, Ms. Turman had sustained a previous fire loss for which she made claim and was paid $2,895.27 by Southern General. On February 29, 1988, within the same policy period, Ms. Turman sustained another fire loss, in excess of $5,000, for which she made claim. Southern General, contending that the loss clause of the policy limited all losses occurring during the period for which the policy was issued to a total of $5,000, sent Ms. Turman a check for $2,105, representing the balance of coverage afforded. Ms. Turman rejected the offer and brought this action seeking to recover $5,000 under the policy plus penalties and attorney fees.

The trial court granted partial summary judgment, awarding appellant $2,105, but denied summary judgment as to bad faith and attorney fees. The court subsequently granted appellant partial summary judgment as to interest in the amount of $104.15. In June 1989 the trial court granted summary judgment to Southern General and dismissed the action with prejudice. Ms. Turman has appealed from this June 1989 judgment. *Held*:

Ms. Turman enumerates as error the award of summary judgment to Southern General, alleging that it was "inconsistent with the fact and the law." We construe this as an enumeration of the general grounds.

OCGA § 9-11-56 (c) provides that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions . . ., together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The record shows that the trial court recited this statute, in part, in making the contested ruling. The language of the policy's loss clause, cited supra, is per-

fectly clear and unambiguous in stating that the face value of the policy is reduced by the amount of any loss or losses incurred during the policy period. Thus as a matter of law the trial court made the only ruling appropriate in the fact situation *sub judice*. Appellant's enumeration is without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 3, 1990 —
REHEARING DENIED APRIL 19, 1990 — 

*George P. Graves*, for appellant.

*Richard D. Hall, Mozley, Finlayson & Loggins, Robert M. Finlayson II*, for appellee.